### BROAKER v. MORRILL et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CONTRACTS—EMPLOYMENT OF ACCOUNTANT—COMPENSATION—EVIDENCE.

> In an action by an accountant for compensation for services performed for defendants, evidence *held* to sustain a finding that the services had been rendered under an express contract, and that defendants had paid the amount due thereunder.

Appeal from City Court of New York, Trial Term.

Action by Frank Broaker against George H. Morrill and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

William R. Bronk, for appellants.
Theodore H. Friend and William C. Wolf, for respondent.

FREEDMAN, P. J. The defendants are members of four different firms who were creditors of the Metropolitan Job Printing Company, and the plaintiff was employed by the defendants as an expert accountant to examine the books of account of said company. The action is brought by the plaintiff to recover a balance of $1,903.50 due for the reasonable value of his services in said examination, which he claimed were worth $2,903.50, and on account of which he received $1,000. The defense is that plaintiff's services were rendered under an express agreement by which he undertook to make the examination for the round sum of $1,000, which was paid before the commencement of the action. At the trial the controversy was confined to the question as to the terms of plaintiff's employment. Upon that question the plaintiff was the only witness in his own behalf, and his testimony was directly and categorically contradicted by at least four witnesses called by the defense. Three of them, it is true, were defendants in the action, but as such they were no more interested than the plaintiff, and one was without interest in the result, and all of them appear to have given their testimony in an intelligent, direct, and consistent manner. Moreover,

the probabilities seem to favor defendants' contention. Upon the whole case, the plaintiff failed to sustain the burden of proof which was upon him, and the verdict in favor of the plaintiff is against the weight of evidence. Moreover, the verdict for $1,015.37 evidently was a compromise verdict. In the interests of justice there should be a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to appellants to abide the event. All concur.